**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ANDREW PERRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL CASE NO.: |
| v. | ) 1:18-CV-11309-JBS-KMW |
| | ) |
| CARDO WINDOWS, INC. | ) |
| d/b/a CASTLE WINDOWS | ) |
| | ) |
| Christopher J. Cardillo, and | ) |
| | ) |
| Nicholas Cardillo, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Castle Windows ("Castle"), Christopher J. Cardillo, and Nicholas Cardillo provide the following as its answer and defenses to Plaintiff Andrew Perrong's ("Plaintiff") Complaint ("Complaint").

### Introduction

1. Admitted.

2. Defendant admit that Plaintiff" purports to bring a complaint pursuant to the Telephone consumer protection Act ("TCPA"), but denies that Plaintiff is entitled to any relief whatsoever. Defendants specifically deny that any of them violated the TCPA. Defendants lack knowledge or information sufficient to form a

-1-

belief as to the truth or falsity of the remaining allegations in paragraph 2 and, therefore, deny them.

3. Defendants deny the allegations of paragraph 3.

## Jurisdiction and Venue

4. Admitted.

5. The allegations in paragraph 5 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

## Parties

6. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and, therefore, deny them.

7. Admitted.

8. Defendants admit that Christopher J. Cardillo is an adult individual, is an owner of Defendant Castle, and it a citizen of the United States of America. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that Nicholas Cardillo is an adult individual, is an owner of Defendant Castle, and it a citizen of the United States of America. Defendants deny the remaining allegations in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and, therefore, deny them.

11. The allegations in paragraph 11 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 12 are denied.

13. The allegations in paragraph 13 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 13 are denied.

14. The allegations in paragraph 14 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 17 are denied.

## Factual Allegations

18. Defendants admit that Defendant Castle called Plaintiff for the first time on March 23, 2018 at Plaintiff's phone number ending -9484. Defendants deny that Plaintiff had not consented to the call; rater, Plaintiff consented to the call on March 21, 2018 at 7:06 pm when Plaintiff visited http://wwwtheleadhouse.com/find-local-contractors and in submitting information, agreed to receive telemarketing calls at Plaintiff's phone number. Defendants deny that such call utilized an automatic telephone dialing system. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 and, therefore, deny them.

19. Defendants admit that all calls from Defendant Castle to Plaintiff in response to Plaintiff's consent would come from the phone number ending -4441. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 and, therefore, deny them.

20. Defendants deny the allegations in paragraph 20.

21. Defendants admit that Defendant Castle called Plaintiff on March 23, 2018, at 3:39 pm. Defendant Castle called Plaintiff in response to Plaintiff's request. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 and, therefore, deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and, therefore, deny them.

23. Defendants admit that Defendant Castle called Plaintiff on March 23, 2018, at 4:41 pm. Defendants deny that Defendant Castle "accosted" Plaintiff or that Plaintiff indicated a desire to not be contacted. As exhibited by Paragraph 27 of Plaintiff's Complaint and by the fact that on information and belief, Plaintiff has filed no less than 24 TCPA cases in federal court since April 2015, Plaintiff was very much aware of his right on how to clearly request that Defendant Castle cease making telemarketing calls to Plaintiff; Plaintiff did not exercise such right on the March 23, 2018, at 4:41 pm call. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23 and, therefore, deny them.

24.     Defendants admit that Defendant Castle called Plaintiff on March 24, 2018, at 8:25 am, 10:13 am, 12:07 pm, and 2:52 pm. Defendants deny that Defendant Castle called Plaintiff on March 24, 2018, at 11:02 am. Defendants admit that Defendant Castle did not leave any messages. Defendants deny that Plaintiff indicated a desire to not be contacted. As exhibited by Paragraph 27 of Plaintiff's Complaint and by the fact that on information and belief, Plaintiff has filed no less than 24 TCPA cases in federal court since April 2015, Plaintiff was very much aware of his right on how to clearly request that Defendant Castle cease making telemarketing calls to Plaintiff; Plaintiff did not exercise such right on the on March 24, 2018, at 12:07 pm call. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 24 and, therefore, deny them.

25.     Defendants admit that Defendant Castle called Plaintiff on March 25, 2018, at 10:31 am. Defendants deny the remaining allegations in paragraph 25. Specifically, Defendants deny that Plaintiff texted any do not call request message to Defendant Castle. As exhibited by Paragraph 27 of Plaintiff's Complaint and by the fact that on information and belief, Plaintiff has filed no less than 24 TCPA cases in federal court since April 2015, Plaintiff was very much aware of his right on how to clearly request that Defendant Castle cease making telemarketing calls to Plaintiff.

26. Defendants admit that Defendant Castle called Plaintiff on March 26, 2018, at 12:58 pm, 1:29 pm, and 6:59 pm. Defendants deny that Defendant Castle called Plaintiff on March 24, 2018, at 4:28 pm. Defendants admit that Defendant Castle did not leave any messages. Defendants deny that Plaintiff indicated a desire to not be contacted. As exhibited by Paragraph 27 of Plaintiff's Complaint and by the fact that on information and belief, Plaintiff has filed no less than 24 TCPA cases in federal court since April 2015, Plaintiff was very much aware of his right on how to clearly request that Defendant Castle cease making telemarketing calls to Plaintiff; Plaintiff did not exercise such right on any of the March 26, 2018, calls. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 and, therefore, deny them.

27. Defendants admit that Defendant Castle called Plaintiff on March 27, 2018, at 11:54 am and 4:01 pm. Defendants admit that Plaintiff requested to have his phone number added to Defendant Castle's internal do not call list during the 4:01 pm call; after which Plaintiff's phone number was added to Defendant Castle's internal do not call list. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 27 and, therefore, deny them.

28. Admitted.

29. Defendants deny the allegations in paragraph 29.

30. Defendants admit that Defendant Castle called Plaintiff on March 30, 2018, at 11:28 am and 5:06 pm. Defendants deny that Good Friday is a New Jersey state holiday. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 30 and, therefore, deny them.

31. Admitted.

32. Defendants admit that Defendant Castle called Plaintiff on April 2, 2018, at 10:14 am, 3:47 pm, and 5:57 pm. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 and, therefore, deny them.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit that Defendant Castle called Plaintiff on April 5, 2018, at 12:01 pm, 4:21 pm, and 5:36 pm. Defendants admit that Defendant Castle did not leave any messages. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 35 and, therefore, deny them.

36. Defendants admit that Defendant Castle called Plaintiff on April 6, 2018, at 11:17 am. Defendants admit that Defendant Castle did not leave any

messages. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 36 and, therefore, deny them.

37. Defendants admit that Plaintiff requested to have his phone number added to Defendant Castle's internal do not call list during the 4:01 pm March 27, 2018, call. As provided for in 47 C.F.R. 64.1200, Defendant Castle intended to honor Plaintiff's 4:01 pm March 27, 2018 request within a reasonable time from the date of such request; not to exceed 30 days ("Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.") *47 C.F.R. 64.1200.* Defendant Castle's final call to Plaintiff, per Paragraph 36 of Plaintiff's Complaint, occurred on April 6, 2018 — only 11 days after Plaintiff's request. Defendants deny the remaining allegations in paragraph 37. As exhibited by Paragraph 27 of Plaintiff's Complaint and by the fact that on information and belief, Plaintiff has filed no less than 24 TCPA cases in federal court since April 2015, Plaintiff was very much aware of his right on how to clearly request that Defendant Castle cease making telemarketing calls to Plaintiff; Plaintiff did not exercise such right on any call other than during the 4:01 pm March 27, 2018, call.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 and, therefore, deny them.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40. Defendants further state that for any and all quoted statements attributed to Defendants, the source of such quotes is the best evidence as to such quoted statements.

41. Defendants deny the allegations in paragraph 41. Defendants further state that for any and all quoted statements attributed to Defendants, the source of such quotes is the best evidence as to such quoted statements.

42. Defendants deny the allegations in paragraph 42. Defendants further state that for any and all quoted statements attributed to Defendants, the source of such quotes is the best evidence as to such quoted statements.

43. The allegations in paragraph 43 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 43 are denied.

44. Defendants deny Defendant Castle ever called Plaintiff utilizing an automatic telephone dialing system. The remaining allegations in paragraph 44 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 46 are denied.

47. The allegations in paragraph 47 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 47 are denied.

48. The allegations in paragraph 48 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 48 are denied.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. The allegations in paragraph 52 assert legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 52 are denied.

## Causes of Action

### First Cause of Action

53. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

### Second Cause of Action

56. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

### Third Cause of Action

59. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

### Fourth Cause of Action

62. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

### Fifth Cause of Action

65. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.[1]

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

### Sixth Cause of Action

68. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

69. Defendants deny the allegations in paragraph 69.

### Seventh Cause of Action

70. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

71. Defendants deny the allegations in paragraph 71.

### Eighth Cause of Action

72. Defendants incorporate their responses from all previous paragraphs as if fully set forth herein.

73. Defendants deny the allegations in paragraph 73.

---

[1] Beginning with paragraph 65, Plaintiff's complaint mis-numbers the remaining paragraphs. Defendants answer such paragraphs as if properly numbered.

## Relief Sought and General Denial

74. Defendants deny the allegations in the paragraphs of the Complaint and deny that Plaintiff is entitled to judgment in any amount or any other relief. Defendants further deny each and every allegation contained in the Complaint except as expressly admitted above.

75. WHEREFORE, Defendants prays that the Complaint be dismissed with prejudice.

76. **Defendants hereby demand trial by jury on any and all Counts and defenses so triable.**

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants further plead the following defenses to the claims alleged in the Complaint:

## FIRST DEFENSE

The Complaint fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief.

## SECOND DEFENSE

Plaintiff's claims are barred because he has incurred no actual or actionable damage or injury.

## THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff gave his prior express consent to receive the calls at issue and/or had a prior existing business relationship with Defendant Castle.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy any condition precedent to suit.

## FIFTH DEFENSE

Plaintiff's claims are barred by waiver, estoppel, laches, and/or unclean hands.

## SIXTH DEFENSE

Plaintiff is not entitled to injunctive relief. Plaintiff has an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiff cannot show a likelihood that he will suffer any future injury from Defendants. Defendants have not violated his rights, and there is no likelihood that Defendants will violate his rights in the future.

## SEVENTH DEFENSE

Plaintiff's claims for statutory damages in the amount of $1,500.00 are barred because Defendants did not willfully or knowingly violate the TCPA.

### EIGHTH DEFENSE

Plaintiff's claims are barred because Defendants honored Plaintiff's do not call request in a reasonable time as provided for in *47 C.F.R. 64.1200* ("Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.")

### NINTH DEFENSE

Plaintiff's claims for statutory damages are barred because Plaintiff has not acted with reasonable diligence and has not mitigated his damages, if any.

### TENTH DEFENSE

Plaintiff's claims are barred because the calls at issue were authorized by the TCPA and/or applicable regulations.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Defendants acted in good faith.

### TWELFTH DEFENSE

Plaintiffs' claims are barred because Plaintiff has alleged only a technical violation without any actual injury.

Defendants reserve the right to assert any other defenses and to amend its Answer and Defenses upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, having fully answered the Complaint, Defendants deny that Plaintiff is entitled to judgment in any amount and prays that the Complaint be dismissed with prejudice.

Respectfully submitted this 17TH day of August 2018.

                        CAPEHART & SCATCHARD, P.A.
                        A Professional Corporation
                        Attorneys for Defendants.

Dated: August 17, 2018       By:   */s/ Laura D. Ruccolo*
                                       Laura D. Ruccolo
                                       CAPEHART & SCATCHARD, P.A.
                                       8000 Midlantic Drive, Suite 300S
                                       PO Box 5016
                                       Mount Laurel, N.J.  08054-5016
                                       (856) 234-6800
                                       lruccolo@capehart.com